08-30-4903                                                        **ARDC No. 01144642**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**THORNCREEK APARTMENTS I, LLC**, a )
foreign limited liability company, **D/B/A THE** )
**LOFTS AT THORNCREEK**; **THORNCREEK** )
**MANAGEMENT, LLC**, a foreign limited liability )
company, )
                                             )     Case Number: 08 C 4303
        Plaintiffs,                )     Honorable:_____
                                             )
v.                                          )     **JURY DEMAND**
                                             )
**VILLAGE OF PARK FOREST**, an Illinois )
municipal corporation; **TOM MICK**, in his )
individual capacity and as Village Manager; )
**MAE BRANDON**, in her individual capacity )
and as Village Trustee; **BONITA DILLARD**, )
in her individual capacity and as Village Trustee; )
**GARY KOPYCINSKI**, in his individual capacity )
and as Village Trustee; **KENNETH W. KRAMER**,)
in his individual capacity and as Village Trustee; )
**ROBERT MCCRAY**, in his individual capacity )
and as Village Trustee; **GEORGIA O'NEILL** )
in her individual capacity and as Village )
Trustee; **LAWRENCE KERESTES**, in his )
individual capacity and as Village )
Director of Community Development; **JOHN** )
**A. OSTENBURG**, in his individual capacity and )
as mayor of the Village of Park Forest; **SHEILA** )
**MCGANN**, in her capacity as Village clerk only; )
and **JOHN** and **JANE DOE**, individual employees, )
officers, and/or agents of the Village of Park Forest, )
                                             )
        Defendants,               )
                                             )
        Jointly and Severally.        )
_____ )

## DEFENDANTS' ANSWER TO
## PLAINTIFFS THORNCREEK APARTMENTS I, LLC AND
## <u>THORNCREEK MANAGEMENT, LLC'S COMPLAINT</u>

NOW COME the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, by and through their Attorneys, HARTIGAN & O'CONNOR P.C., and for their Answer to Plaintiff's Complaint at Law hereby state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  **Plaintiff Thorncreek Apartments I, LLC ("Thorncreek I")** is a limited liability company organized under the laws of the State of Michigan, with its principal place of business in Farmington Hills, Michigan, conducting business as a rental property in the Village of Park Forest, which is located in Cook County, Illinois.

**ANSWER**:     The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph One (1.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

2.  **Plaintiff Thorncreek Management, LLC ("Thorncreek Management")** is a limited liability company organized under the laws of the State of Michigan, with its principal place of business in Farmington Hills, Michigan, and is the owner of Thorncreek I.

**ANSWER**:     The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph Two (2.) of Plaintiff's

Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

3.      **Defendant Village of Park Forest ("Village")** is an Illinois municipality located in Park Forest, Illinois, and primarily conducting business at 350 Victory Drive, Park Forest, IL  60466.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Three (3.) of Plaintiff's Complaint at Law.

4.      **Defendant Tom Mick ("Mick")** is the Village Manager of the Village, holding an office at 350 Victory Drive, Park Forest, IL  60466 and residing, on information and belief, in Cook County.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Four (4.) of Plaintiff's Complaint at Law.

5.      **Defendant Mae Brandon ("Brandon")** is a Trustee of the Village, holding an office at 350 Victory Drive, Park Forest, IL  60466 and residing, on information and belief, at 28 Braeburn Dr., Park Forest, IL 60466-2503.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Five (5.) of Plaintiff's Complaint at Law.

6.      **Defendant Bonita Dillard ("Dillard")** is a Trustee of the Village, holding an office at 350 Victory Drive, Park Forest, IL 60466 and residing, on information and belief, in Cook County, Illinois.

**ANSWER**:      The Defendants admit the Allegations contained in Paragraph Six (6) of Plaintiff's Complaint at Law.

7.      **Defendant Gary Kopycinski ("Kopycinski")** is a Trustee of the Village, holding an office at 350 Victory Drive, Park Forest, IL 60466 and residing, on information and belief, in Cook County.

**ANSWER**:      The Defendants admit the Allegations contained in Paragraph Seven (7.) of Plaintiff's Complaint at Law.

8.      **Defendant Kenneth W. Kramer ("Kramer")** is a Trustee of the Village, holding an office at 350 Victory Drive, Park Forest, IL 60466 and residing, on information and belief, at 152 Shabbona Dr., Park Forest, IL 60466-2553.

**ANSWER**:      The Defendants admit the Allegations contained in Paragraph Eight (8.) of Plaintiff's Complaint at Law.

9.      **Defendant Robert McCray ("McCray")** is a Trustee of the Village, holding an office at 350 Victory Drive, Park Forest, IL 60466 and residing, on information and belief, in Cook County.

4

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Nine (9.) of Plaintiff's Complaint at Law.

10.    **Defendant Georgia O'Neill ("O'Neill")** is a Trustee of the Village, holding an office at 350 Victory Drive, Park Forest, IL 60466 and residing, on information and belief, at 204 Hickory St., Park Forest, IL 60466-1016.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Ten (10.) of Plaintiff's Complaint at Law.

11.    **Defendant Lawrence Kerestes ("Kerestes")** is the Director of Community Development of the Village, and, on information and belief, he is the Village Building Commissioner, holding an office at 350 Victory Drive, Park Forest, IL 60466 and residing, on information and belief, at 316 N Orchard Dr., Park Forest, IL 60466-1141.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Eleven (11.) of Plaintiff's Complaint at Law.

12.    **Defendant John A. Ostenburg ("Ostenburg")** is the Mayor of the Village and the President of the Village Board of Trustees, holding an office at 350 Victory Drive, Park Forest, IL 60466 and residing, on information and belief, in Cook County.

5

**ANSWER**:     The Defendants admit the Allegations contained in Paragraph Twelve (12.) of

Plaintiff's Complaint at Law.

13.     **Defendant Sheila McGann ("McGann")** is the Village Clerk, holding an office at

350 Victory Drive, Park Forest, IL  60466 and residing, on information and belief, in

Cook County.

**ANSWER**:     The Defendants admit the Allegations contained in Paragraph Thirteen (13.) of

Plaintiff's Complaint at Law.

14.     The **John** and **Jane Doe** Defendants are unknown employees or agents of the Village

that committed and/or assisted in committing the acts described herein.

**ANSWER**:     The Defendants have knowledge insufficient to form a belief as to the truth or

falsity of the Allegations contained in  Paragraph Fourteen (14.) of Plaintiff's

Complaint, and, therefore, neither admit nor deny same, but demand strict proof

thereof.

15.     This Court has original jurisdiction over this Complaint because federal questions are

presented with regard to Thorncreek I and Thorncreek Management's claims arising

6

under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, thus invoking jurisdiction under 28 U.S.C §§ 1331 and 1343; and because any claims arising under state law are claims in excess of $75,000.00 with complete diversity, this Court has jurisdiction under 28 USC § 1332.

**ANSWER**:     The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Fifteen (15.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

16.     Substantially all of the events and/or omissions giving rise to Thorncreek I and Thorncreek Management's claims occurred in the Village and/or Cook County. Venue is therefore appropriate in this Court under 28 U.S.C. §§ 1391 and 1443.

**ANSWER**:     The Defendants deny the existence of any actionable claims or omissions. Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations as to venue contained in Paragraph Sixteen (16.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

17.     This Court has personal jurisdiction over the Village because it is situated in the State of Illinois and over individual Defendants because they reside in Illinois.

7

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Seventeen (17.) of Plaintiff's Complaint at Law.

## COMMON ALLEGATIONS

18.    Thorncreek I operated and managed a group of rental townhomes sometimes known as Area F of the Lofts at Thorncreek, formerly known as Thorncreek Townhomes, in the Village.    Thorncreek I operated Area F for a number of years.    Thorncreek Management was the owner of Thorncreek I.

**ANSWER**:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph Eighteen (18.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

19.    The racial make-up and residential profile of the tenants in Area F and the Lofts at Thorncreek in general has usually varied from approximately 80% to 90% African American.

**ANSWER**:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph Nineteen (19.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

8

DENIAL OF A BUSINESS LICENSE

20.     In order to operate and rent a multi-family dwelling in the Village, the Village Code

of Ordinances (the "Ordinance"), Chapter 22-467, requires one to obtain a license.

For the years of 2005, 2006, and 2007, the Village unlawfully denied Thorncreek I

and Thorncreek Management a license.

**ANSWER**:     The Defendants admit the Allegations of the beginning sentence contained in

Paragraph Twenty (20.) of Plaintiff's Complaint at Law, but deny the Allegations

contained in the second sentence of this Paragraph.


21.     Chapter 22-468 (a) sets forth the criteria an applicant for a business license must

provide the Village if one desires to operate a multi-family dwelling in the Village.

Subsection (b) of the same sets forth exhaustive reviewing criteria of an application:

Every such application shall be reviewed by the village manager, who

shall issue the license if the information stipulated in subsection (a) of this

section has been supplied, and if, for an application for a renewal of a

license, the applicant is deemed to have made a good-faith effort to

comply with all the applicable sections of article IIII of chapter 18 and this

chapter. The village manager shall require payment of a fee in the amount

of $100.00 with each license application.


**ANSWER**:     The Defendants admit the Allegations contained in Paragraph Twenty One (21.)

of Plaintiff's Complaint at Law, but object to the terminology "exhaustive".

9

22.    The referenced Chapter 18, Article III in subsection (b) of the Ordinance deals principally with the standards, duties, and responsibilities of the owner of a dwelling, as well as the required basic equipment, facilities, lighting, ventilation, heating, and minimum maintenance requirements of said dwelling. *See* Ordinance, Ch. 18, art. III, Divs. 1-4.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Twenty Two (22.) of Plaintiff's Complaint at Law.

23.    For the years 2005, 2006, and 2007, Thorncreek I and Thorncreek Management's applications with the Village properly contained the information as specified in § 22-30 and § 22-468 (a). Thorncreek I and Thorncreek Management also paid the requisite $100.00 license fees as specified in subsection (b) and §§ 22-33 and 22-35. Lastly, Thorncreek I and Thorncreek Management, at all relevant times hereto, has "made a good-faith effort to comply with all the applicable sections of article IIII of chapter 18" of the Ordinance.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Twenty Three (23.) of Plaintiff's Complaint at Law, but admit payment of license fee, but deny any "good faith effort" was made by the Plaintiffs as referenced in this Paragraph.

24.    In addition to the above, Thorncreek I and Thorncreek Management submitted detailed management plans for Thorncreek I for the years 2005, 2006, and 2007,

plans which were far more extensive than management plans submitted by similarly situated applicants.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Twenty Four (24.) of Plaintiff's Complaint at Law

25.    In spite of the above, Village Manager Mick refused to issue business licenses for Thorncreek I and Thorncreek Management for 2005, 2006, and part of 2007.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Twenty Five (25.) of Plaintiff's Complaint at Law, but further state that the refusal to issue was based on non-compliance by the Plaintiff with Village of Park Forest's ordinances.

26.    Mick and/or his superiors (i.e., Ostenburg and/or the Village Board of Trustees) are responsible for establishing final government policy with respect to issuing a business license.

**ANSWER**:    The Defendants deny the Village Manager has responsibility for final government policy whereby standards for business licenses are set forth in the Village's Code of Ordinances.

27.    Village Clerk McGann and/or the predecessor Village Clerk refused to issue business licenses for Thorncreek I and Thorncreek Management for 2005, 2006, and part of 2007, despite obligation under Chapter 22-28 (b) to do so.

11

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Twenty Seven (27.) of Plaintiff's Complaint at Law which was predicated upon the Plaintiff not complying with the Village of Park Forest's Code of Ordinances.

28.    McGann and/or the predecessor Village Clerk, and/or their respective superiors (i.e., Ostenburg, Mick, and/or the Village Board of Trustees) are responsible for establishing final government policy with respect to issuing a business license.

**ANSWER**:    The Defendants deny the Village Clerk was responsible for final Village policy, or the Village Manager.

29.    The Village's refusal to issue business licenses to Thorncreek I is based on: (i) Thorncreek I and Thorncreek Management's proper refusal to comply with terms required by the Village that have no support in the Ordinance; (ii) The Village and its agents' (e.g., Mick, Kerestes, Ostenburg, and the several Board members) disdain and hatred of the minority tenants at the Lofts at Thorncreek and its owners and managers; (iii) The Village's desire to systemically drive out the Thorncreek management and African American and Hispanic tenants at the Lofts at Thorncreek. The conspiracy goes to the highest levels of Village government (Ostenburg and Board of Trustee members) through the lower enforcement levels (e.g., housing inspectors, police, fire department).

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Twenty Nine (29.) of Plaintiff's Complaint at Law and subparagraphs (i), (ii) and (iii), and deny any conspiracy, as referenced in the Complaint.

12

30.    In furtherance of the allegations above, and by way of example, on March 22, 2006, a telephone conference was held between Alejandro Martinez of Lehman Brothers, a Mr. Nichol of Lehman Brothers (a financial institution), Kerestes, and possibly others.  Lehman Brothers at the time was interested in entering into a commercial relationship with Thorncreek I and other Thorncreek entities.

**ANSWER**:    The Defendant, Kerestes, denies the date specified in this Paragraph as to any conference, and denies any action that caused a loss to Thorncreek.  He admits a conference call was made earlier than the date referenced in Paragraph Thirty (30.) of Plaintiff's Complaint.


31.    During the telephone conference, Lehman Brothers inquired as to the status of Thorncreek's business license (other Thorncreek entities have been denied business licenses by the Village and its agents).  Kerestes indicated that before the Village would issue a business license to the Thorncreek entities, the Thorncreek entities would have to commit $6,000,000.00 of capital improvements at the Lofts at Thorncreek.  Two specific improvements that Kerestes mentioned had to be made before a license would issue were the installation of new windows throughout the Thorncreek complexes and the installation of central air conditioning units.  Kerestes indicated that no license to operate would be issued unless a commitment was made for capital improvements consistent with the demands mentioned above.

**ANSWER**:    The Defendants admit a representative of Lehman inquired as to the status of the Thorncreek license.  Defendants deny that a commitment would have to occur of

13

Six Million ($6,000,000.00) Dollars before a license was issued. Defendants admit the Village was looking for investment back into the property. Defendants deny no license would issue until a major capital improvement was made, as referenced in Plaintiff's Complaint.

32.    During the same telephone conference, Kerestes also indicated that Thorncreek was "80% black," "far above the Village average," and that the Village wanted the racial make-up of the residents at Thorncreek to be similar to the rest of the Village; i.e., more "white." Kerestes also indicated that the rents at Thorncreek were too low, and that the Village wanted the rents to be increased so that Thorncreek would be "more attractive to whites," and in order to change the racial make up.

**ANSWER**:    The Defendants admit a conversation occurred as to Thorncreek's commitment to the Village as to its investment in Thorncreek Apartments. Defendants deny any mention of blacks and further deny the remaining Allegations contained in Paragraph Thirty Two (32.) of Plaintiff's Complaint.

33.    As a result, the financing with Lehman Brothers fell through and/or was substantially delayed, at extraordinary cost, expense, and profit to Thorncreek I and Thorncreek Management.

**ANSWER**:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Thirty Three (33.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

14

34.    It was not until March 2007 that the Village finally gave Thorncreek I a business license, at extraordinary cost, expense, and profit to Thorncreek I and Thorncreek Management.

**ANSWER**:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Thirty Four (34.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

35.    Over the years, the Village, through its agents, made demands that Thorncreek I and Thorncreek Management invest substantial amounts of money into the structure, infrastructure, and amenities at the Lofts at Thorncreek as a precondition to the issuance of business licenses.

**ANSWER**:    The Defendants admit that it encouraged, but not pressured, investment into the property.  Defendants deny any precondition to the issuance of any business license.

36.    None of the above "conditions" for a business license cited by Kerestes or the Village are required under Chapter 18, Article II of the Ordinance or Chapter 22-468 of the Ordinance.

**ANSWER**:      The Defendants are uncertain as to what "conditions" are made mention of, but admit that the conditions in Paragraph Thirty Six (36.) are not a part of Chapter 18, and deny that Kerestes cited these as to any prerequisite to a business license.

37.      The Thorncreek entities' non-compliance with the Village's and Kerestes' demands is not a proper basis for the denial of a business license under Chapter 22-468.  For Thorncreek I and Thorncreek Management to comply with certain of the Village's requirements would require Thorncreek I and Thorncreek Management to violate local, state, and federal law, including 42 USC §§ 3604, 3617, 3631 (the Fair Housing Act).

**ANSWER**:      The Defendants are uncertain as to what noncompliance is being referenced and, thus, have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph Thirty Seven (37.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

38.      The Village's vision for Thorncreek to be "more attractive to whites"; the Village's desire to see the rents increased to discourage African American and Hispanic tenants; the Village's desire that Thorncreek's racial make-up to be consistent throughout the Village; and the Village's demands for multi-million dollar investment in the properties are purported requirements neither found in Chapter 18, Article II of the Ordinance or Chapter 22-468 of the Ordinance; nor are they proper bases for denying a business license under Chapter 18, Article II of the Ordinance or Chapter

16

22-468 of the Ordinance.  In fact, certain of that criteria is illegal based on the Village's own Ordinance, Chapter 22-472.

**ANSWER**:     The Defendants deny that those demands referenced in Paragraph Thirty Eight (38.) of Plaintiff's Complaint were made.


39.     By way of another example, on March 24, 2006, a meeting was held at the Village Hall.  The persons in attendance were: Kerestes; Kathy Fisher (Village Housing Inspector); Dinah Gonzales (an employee of Atlantic Management Corporation that manages Thorncreek I); and Patricia Clapper, Regional (Property Manager for Thorncreek I).

**ANSWER**:     The Defendants admit that a meeting was held.


40.     At the meeting, Patricia Clapper asked Kerestes about the status of the Thorncreek entities' business license applications.  Kerestes explained that he was dissatisfied with David Clapper's (a principal of the Thorncreek entities) (alleged) failure to make improvements to the properties, citing examples such as kitchen upgrades, central air conditioning units, and new windows --- upgrades that are not required by the Ordinance for a business license to issue.

**ANSWER**:     The Defendant Kerestes told Clapper the application for Management License was complete and was being passed on to the Village Manager.  The Defendants admit that they were disappointed in the improvements not being part of the Plan of Management.  The Defendants admit that those are not part of the Ordinance

referenced in this Paragraph which is not specifically identified by either name or Ordinance Section number.

41.    At the meeting, Kerestes again voiced "concerns" about Thorncreek.  Kerestes stated that the Village was concerned about Thorncreek's "racial make-up."  Specifically, that David Clapper is a "slum lord"; and that while the 2000 census showed that the Village was "58% white, 39% black and the rest mixed ethnic", in 2006 residents are "90% black and 10% white."  Kerestes explained that this put a burden on Village services and the Village Police Department, because of more drug problems and domestic complaints.  Kerestes also explained that this put a burden on the Village school system because these black families "were not responsible for their children." Kerestes advised that making the above improvements will improve the perception of Thorncreek and draw a "better" clientele; and that the Village Board of Trustees had expressed similar concerns about the racial changes in the Village and Thorncreek.

**ANSWER**:    The Defendant Kerestes denies any statement that David Clapper was a slum landlord.  Defendant Kerestes did generally discuss the racial makeup of the community.  Defendant Kerestes admits the census figures referenced, as to racial makeup.  Defendant denies that he stated black families were "not responsible for their families."  The Defendant denies the remaining Allegations contained in Paragraph Forty One (41.) of Plaintiff's Complaint at Law.

18

42.     None of the above "improvements" cited by Kerestes and the Village Board are required under Chapter 18, Article II of the Ordinance or Chapter 22-468 of the Ordinance before the Village Manager "shall" issue a business license.

**ANSWER**:     The Defendants admit that the improvements referenced previously in Paragraph Thirty Eight (38.) are not a part of the referenced Code Section.

43.     The alleged failure to make the above "improvements" cited by Kerestes and the Village Board is not a proper basis for the denial of a business license under Chapter 22-468.

**ANSWER**:     The Defendants admit that the improvements referenced previously in Paragraph Forty One (41.) is not a proper basis for denial of a Business License under Chapter 22-468.

44.     There is no requirement under Chapter 18, Article II of the Ordinance or Chapter 22-468 of the Ordinance that the property owner improve the "black/white" ratio.

**ANSWER**:     The Defendants admit the Allegations as to Paragraph Forty Four (44.) of Plaintiff's Complaint at Law, but further state the statement was never made by the Defendant.

45.     The Village's "concerns" over the racial make-up of Thorncreek is not a proper basis for denying Thorncreek I and Thorncreek Management a business license and the ability to operate. Such criteria is, in fact, illegal.

**ANSWER**:     The Defendants object to the terminology "concerns", not knowing exactly what that term means.  The Defendants admit that is not a basis for a denial of a License and the ability to operate.

46.     Village Manager Mick and Ostenburg consistently communicated to Thorncreek I and Thorncreek Management their concerns over the types of people to whom Thorncreek I and Thorncreek Management rents and Area F's "tenant profile"; and they consistently suggest ways for Thorncreek I and Thorncreek Management to "upgrade" the tenant profile, making veiled threats that such upgrades are preconditions to obtaining a business license and acquiring other permits.

**ANSWER**:     The Defendants object to the terminology "concerns", not knowing exactly what that terms means, and deny the remaining Allegations contained in Paragraph Forty Six (46.) of Plaintiff's Complaint.  In addition, the term "concerns" also calls for a legal conclusion.

47.     As a precondition to obtaining a business license, the Village demanded and required Thorncreek I and Thorncreek Management to collect and share Thorncreek's racial statistics (i.e., the Village wants to know how many African Americans or other minorities Thorncreek has at the Lofts at Thorncreek).

**ANSWER**:     The Defendants admit that under Section 22-466 through Section 22-472 of the Village Code it requires statistical occupancy data as part of the compliance of the application process.

20

48.     The Village's aforementioned "concerns" are not proper factors under the Ordinance, Chapter 22-32.

**ANSWER**:     The Defendants object to the terminology "concerns", not knowing exactly what that term means in this Paragraph and, thus, is incapable of answering it, and state it also calls for a legal conclusion.

49.     The factors set forth in Chapter 22-32 are also unconstitutionally vague and vest inordinate and ambiguous discretion in the Village Manager.  The factors do not give an individual of ordinary intelligence a reasonable opportunity to comply with the discretionary factors vested in the Manager; i.e., there is no notice of what the law requires.

**ANSWER**:     Without any specific sentence cited in this Paragraph other than previously mentioned Chapters 22-32 in total, Defendants deny the Allegations contained in Paragraph Forty Nine (49.) of Plaintiff's Complaint at Law.   The term "unconstitutionally vague" does call for a legal conclusion.

50.     Furthermore, Chapter 22-32 lacks explicit standards for its application, and impermissibly delegates basic policy matters to the Village Manager for resolution on an *ad hoc* and subjective basis, with dangers of arbitrary and discriminatory applications.  On information and belief, the Village, through Mick, impermissibly relied on this section to deny Thorncreek I business licenses.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Fifty (50.) of Plaintiff's Complaint at Law.

21

51.    The Village's actions in denying business licenses are arbitrary, irrational, and racially motivated.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Fifty One (51.) of Plaintiff's Complaint at Law.

52.    Thorncreek I and Thorncreek Management had a vested right and a legitimate entitlement to operate Area F; and had a vested right and legitimate entitlement in a business license because Thorncreek I and Thorncreek Management, at all relative times hereto, complied with the Ordinance procedures for the issuance of a license.

**ANSWER**:    The Defendants deny that Thorncreek has complied with the Village's Ordinance procedures for issuance of a license.

53.    The issuance of a business license is non-discretionary when the provisions of the Ordinance have been met.

**ANSWER**:    The Defendants admit the issuance of a Business License can be a nondiscretionary act, but deny that Thorncreek has met the provisions in this Ordinance.

54.     On information and belief, the Village Board and Ostenburg instructed Mick and McGann and/or predecessor Village Clerks not to issue Thorncreek I business licenses.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Fifty Four (54.) of Plaintiff's Complaint at Law.

55.     The demands the Village and its agents imposed on Thorncreek I and Thorncreek Management were not required on similarly situated owners of multi-dwelling units.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Fifty Five (55.) of Plaintiff's Complaint at Law.

56.     Other similarly situated property owners in the Village are not and have not been required to improve the "racial make-up" and/or the "black/white" ratio of its tenants outlined above as a precondition to acquiring a business license and to operate their businesses.

**ANSWER**:     The Defendants deny that the Village has required any racial makeup for black/white ratio in order to issue a License.

57.     Other similarly situated property owners in the Village have not been required to increase rent as a precondition to acquiring a business license and to operate their businesses.

23

**ANSWER**:     The Defendants deny the Village has ever required Thorncreek to raise rents as a precondition to their Business License.

58.     The Village's efforts, through its agents, by denying Thorncreek I business licenses was part of a larger plan, policy, custom, conspiracy to drive Thorncreek I and Thorncreek Management and its African American and Hispanic tenants out of the Village.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Fifty Eight (58.) of Plaintiff's Complaint at Law.

## DENIAL OF INSPECTIONS AND CERTIFICATES OF OCCUPANCY

59.     Under the Ordinance, Chapter 18-255, each time a tenant moves out of a dwelling unit, the Village requires a new certificate of occupancy to issue before a new tenant may move in.  A certificate of occupancy will not issue until the owner applies for and pays an application fee, and the Village conducts and inspection of the dwelling unit.

**ANSWER**:     The Defendants admit the Allegations contained in Paragraph Fifty Nine (59.) of Plaintiff's Complaint at Law exist.

60.     Under Ordinance Section 18-255(b):

A certificate of occupancy *shall be issued by the village building commissioner* upon a determination that there are no violations of any

24

applicable section of this Code in the interior and exterior of the dwelling

unit after inspection has been made in accordance with the following:

(1) The building commissioner or his designated department

employee inspects the interior and exterior of the dwelling unit to

ascertain only visible Code violations. . . . (emphasis added)

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Sixty (60.) of

Plaintiff's Complaint at Law exist.

61.    The Village intentionally denied the Lofts at Thorncreek inspections and/or refuses to

give the Lofts at Thorncreek sufficient inspections to keep pace with tenant turnover.

The Village did this to frustrate Thorncreek I and Thorncreek Management's day to

day business operations and prospective tenants.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Sixty One (61.) of

Plaintiff's Complaint at Law.

62.    Over the last year, the Village has refused to perform any inspections of Area G

(owned by Thorncreek II, another area in the Lofts at Thorncreek); and prior thereto,

the Village gave limited inspections for Area F and Area G.

25

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Sixty Two (62.) of Plaintiff's Complaint at Law.  The Village will do inspections if apply for, and has done so in the past.

63.    With respect to the limited inspections the Village does conduct (which are frequently cancelled at the last minute and "rescheduled"), Village inspectors nit-pick and are overly critical (e.g., requiring tree branch trimming) or overbroad (the observance of some flaking paint leads to a demand to re-paint the whole unit), and go beyond the scope of a proper inspection.  The end result is, more often than not, the Village inspectors fail the inspected unit, and the building commissioner, Kerestes, denies a certificate of occupancy.

**ANSWER**:    The Defendants deny they canceled any inspections and deny the remaining Allegations contained in Paragraph Sixty Three (63.) of Plaintiff's Complaint at Law, except that the Village will waive certain areas to be inspected if they have a Management License.  The Village will require inspection of inside and outside areas, per Village Code.  The Defendants deny that they nit-pick as referenced in this Paragraph.

64.    Thereafter, the Thorncreek entities repair the alleged minor issues.  New inspections (which the Village systemically limits to the Lofts at Thorncreek only) are then required, at significant time, effort, and expense (including, at times, new application fees). Then at each re-inspection, the Village inspectors again nit-pick and find new

26

alleged problems with the unit, again driving up costs for repair and requiring re-inspections.   All the while, the units cannot be rented, because they lack certificates of occupancy, and prospective tenants, otherwise ready, willing, able, and waiting to move into Area F, G, and H, leave Thorncreek for other housing, all at significant cost and lost profits to the Thorncreek entities.

**ANSWER**:    The Defendants admit a certain amount of repairs were required to be done by Plaintiff.   Defendants deny new inspections are only limited to the Lofts at Thorncreek and deny any nit-picking.  Defendants will charge a re-inspection fee if a condition is not abated upon the initial inspection.  Defendants deny it finds new violations when the Village performs inspections.

65.    The "repairs" the Village requires of Thorncreek are not maintenance, have nothing to do with safety, and have no support in the Ordinance.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Sixty Five (65.) of Plaintiff's Complaint at Law.

66.    The repairs the Village requires of Thorncreek are not required on similarly situated owners or managers of multi-dwelling units.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Sixty Six (66.) of Plaintiff's Complaint at Law.

67.     At all times relative hereto, Thorncreek I and Thorncreek Management have properly filed applications for inspections and paid the requisite fees.

**ANSWER**:     The Defendants deny they have done so at all times, as referenced in Paragraph Sixty Seven (67.) of Plaintiff's Complaint at Law.

68.     At all time relative hereto, prospective units to be inspected in Area F had no applicable Ordinance violations.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Sixty Eight (68.) of Plaintiff's Complaint at Law.

69.     Thorncreek I and Thorncreek Management had property rights and interests in the Area F units and in certificates of occupancy.

**ANSWER**:     The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations that they may have a property right and interest, as alleged in Paragraph Sixty Nine (69.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

70.     The issuance of a certificate of occupancy is non-discretionary when the Ordinance terms have been met.

**ANSWER**:     The Defendants admit that this statement is generally true.

28

71.     On information and belief, the Village Board and Ostenburg instructed Kerestes and his subordinates to fail Thorncreek I and Thorncreek Management's inspections and deny Thorncreek I and Thorncreek Management certificates of occupancy.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Seventy One (71.) of Plaintiff's Complaint at Law.

72.     Kerestes and/or his superiors (i.e., Ostenburg, Mick, and/or the Village Board of Trustees) are responsible for establishing final government policy with respect to issuing a certificate of occupancy.

**ANSWER**:     The Defendants deny any appointed Officers are responsible for final government policy, but admit certain elected officials would be policymakers, and standards for Certificates of Occupancy are set forth in the Village Code of Ordinances.

73.     The Village, through its inspectors, and at the direction of Kerestes, Mick, the Board, and/or Ostenburg, wrongfully denied Thorncreek I and Thorncreek Management certificates of occupancy.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Seventy Three (73.) of Plaintiff's Complaint at Law.

74.     The Village's actions in denying certificates of occupancy were arbitrary, irrational, and racially motivated.

29

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Seventy Four (74.) of Plaintiff's Complaint at Law.

75.    Thorncreek I and Thorncreek Management had a list of potential tenants who cannot move into Area F because of the Village and its agents' aforementioned actions. These prospective tenants inevitably moved on to find other housing, resulting in significant losses to Thorncreek I and Thorncreek Management.

**ANSWER**:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Seventy Five (75.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

76.    The Village's efforts, through its agents, in failing inspections and denying certificates of occupancy was part of a larger plan, policy, custom, conspiracy to drive Thorncreek I and Thorncreek Management and their African American and Hispanic tenants out of the Village and to discourage prospective African American and Hispanic tenants.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Seventy Six (76.) of Plaintiff's Complaint at Law.

30

<u>**DENIAL OF PERMITS**</u>

77.    The Village Ordinance requires one who seeks to erect signage to apply for and obtain a permit.  Chapter 118-302.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Seventy Seven (77.) of Plaintiff's Complaint at Law.

78.    Mick and/or his superiors (i.e., Ostenburg and/or the Village Board of Trustees) are responsible for establishing final government policy with respect to issuing permits.

**ANSWER**:    The Defendants deny Village Manager Mick has authority to establish final policymaking decisions.  The Defendants admit that the Village Board and Village President have authority to establish policy.  Standards for permits are contained in the Village's Code of Ordinances.

79.    At all times relative hereto, Thorncreek I and Thorncreek Management properly applied for signage to be used to promote renting at the Lofts at Thorncreek.  The Village, however, through its agents, intentionally and arbitrarily denied Thorncreek I and Thorncreek Management's applications or rejected them outright (i.e., the Village will not accept them).

**ANSWER**:    The Defendants admit Thorncreek I applied for signage, as well as Thorncreek Management, but until resolution of pending citations and issuance of conditional use permits are resolved, the signs would not be approved.

31

80.    The inability to use signs as a marketing tool substantially affected Thorncreek I and Thorncreek Management's ability to market to renters and conduct business.

**ANSWER**:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Eighty (80.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

81.    Employees and agents of the Village physically removed Thorncreek signage.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Eighty One (81.) of Plaintiff's Complaint at Law due to illegal installation of signs.

82.    The Village and its agents unlawfully required Thorncreek I to apply for permits relative to issues like parking, curb cuts, and other requirements and have otherwise denied permits relative to same.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Eighty Two (82.) of Plaintiff's Complaint at Law.

83.    Thorncreek I and Thorncreek Management had property rights and interests in the Area F units, in the sign permits and other permits, and in the freedom to market and rent the property unobstructed by the irrational acts of the Village and its agents.

**ANSWER**:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of a property right and interest in Area F units, as alleged contained in

Paragraph Eighty Three (83.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof. Defendants deny the remaining Allegations contained in this Paragraph.

84.     The issuance of permits is non-discretionary when the Ordinance terms have been met.

**ANSWER**:     The Defendants admit that this statement is generally true.

85.     The Village's refusal to approve Thorncreek's applications for permits is arbitrary, irrational, and racially motivated.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Eighty Five (85.) of Plaintiff's Complaint at Law.

86.     The refusal to accept Thorncreek I and Thorncreek Management's applications for permits and to approve Thorncreek I and Thorncreek Management's applications for permits are actions the Village has not taken with respect to similarly situated owners of multi-dwelling units.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Eighty Six (86.) of Plaintiff's Complaint at Law.

87.     The Village's efforts in denying Thorncreek I the right to permits is part of a larger plan, policy, custom, conspiracy to drive Thorncreek I and Thorncreek Management out of the Village and discourage prospective African American and Hispanic renters.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Eighty Seven (87.) of Plaintiff's Complaint at Law.


**OTHER ISSUES**

88.     The Village police target and harass Thorncreek residents based on their race, will not properly patrol and make service calls to Area F, and do not enforce the law at the Lofts at Thorncreek, refusing to make arrests or otherwise warn those engaging in suspicious activity.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Eighty Eight (88.) of Plaintiff's Complaint at Law.


89.     The Village police and fire departments have harassed Thorncreek I by alleging that Thorncreek had alleged defective carbon monoxide detectors.   The harassment occurred even though the Village police and fire departments knew the issue was with the manufacturer, not Thorncreek.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Eighty Nine (89.) of Plaintiff's Complaint at Law.


90.     The Village, through its authorized agents, made constant demands on Thorncreek to upgrade Area F; but when Thorncreek I and Thorncreek Management tried to upgrade

34

the property, the Village ticketed Thorncreek I and Thorncreek Management because of lack of permits --- permits the Village will not approve.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Ninety (90.) of Plaintiff's Complaint at Law.


91.     The Village, through its authorized agents, also harassed Thorncreek by consistently targeting Thorncreek management for tickets for other alleged Ordinance violations, targeted discrimination that the Village does not impose on others.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Ninety One (91.) of Plaintiff's Complaint at Law.


92.     All of the aforementioned actions by the Village and its agents effectively destroyed Thorncreek Management's investment and assets in Area F, and caused Thorncreek I and Thorncreek Management's lenders to threaten and/or call and/or accelerate loans and security, including, possibly, Thorncreek I and Thorncreek Management's right to sue in this and other actions.  Thorncreek Management therefore has standing to assert claims on its own behalf against the Village and its agents.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Ninety Two (92.) of Plaintiff's Complaint at Law.


93.     Thorncreek Management's injuries are separate, distinct, and not derivative of Thorncreek I's injuries.

35

**ANSWER**:     The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Ninety Three (93.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

94.     Thorncreek Management's claims against the Defendants are entitled to be redressed by Thorncreek Management directly, and not through an investment.

**ANSWER**:     The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Ninety Four (94.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

**DAMAGES**

95.     The denial of business licenses, permits, certificates of occupancy, the denial of Thorncreek I and Thorncreek Management's rights to operate its business, the defamation, the targeted discrimination, and the acts and omissions described above have proximately caused Plaintiffs substantial damages, including, but not limited to:

(i)     loss of the beneficial use of the property;

(ii)    lost profits;

(iii)   lost rent;

(iv)    lost business opportunities;

(v)     driving down the value of Area F;

36

(vi)     frustrated Thorncreek I and Thorncreek Management's ability to attract and market to new tenants and retain existing ones;

(vii)    lost goodwill;

(viii)   the ability to pay its mortgage;

(ix)     hurt Thorncreek I and Thorncreek Management's standing with their lender;

(x)      damaged Thorncreek I, Thorncreek Management, and their investors' and managing members' credit;

(xi)     inhibited raising money from new investors;

(xii)    pay taxes;

(xiii)   pay vendors and do business with vendors;

(xiv)    make capital and physical improvements to the property;

(xv)     caused delinquencies and vacancies;

(xvi)    negative publicity;

(xvii)   and all other incidental and consequential damages.

**ANSWER**:     The Defendants deny the Plaintiff is entitled to any relief.  The Defendants move to strike and Dismiss Paragraph Ninety Five (95.) of Plaintiff's Complaint, specifically subsections (i) through (xvii), inclusive.


# COUNT I --- DENIAL OF THORNCREEK I AND THORNCREEK MANAGEMENT'S RIGHTS TO EQUAL PROTECTION OF THE LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION:

## 42 U.S.C. § 1983

96.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its entirety.

**ANSWER**:    Defendants incorporate their responses to Paragraphs One through Ninety Five (1.-95.) as their Answer to Paragraph Ninety Six (96.) of Count I of Plaintiff's Complaint at Law and incorporates the earlier responses by reference as more fully set forth herein.

97.    At all times relevant hereto, the conduct of the Village and all Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Ninety Seven (97.) of Plaintiff's Complaint at Law.

98.    The Village's agents and the Defendants are employees and/or executives of the Village and at all relevant times hereto were acting under color of state law and within the scope of each of their respective vested, actual, and/or apparent authority.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Ninety Eight (98.) of Plaintiff's Complaint at Law.  The Defendants admit that the actions of their employees were lawful and done within their authority.

99.    Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Board and/or other Village executives, employees, or agents created an unconstitutional policy and/or custom of the Village to impose the requirements set forth *supra*, which are separate, distinct, and different from those legislatively enacted, provided, and expressed in the

38

Ordinance, before business licenses, permits, and certificates of occupancy would
issue to Thorncreek I.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph Ninety Nine (99.) of
Plaintiff's Complaint at Law.


100.     The Village, through its executive officers and/or Board of Trustees, had knowledge
and/or acquiesced in the policy and/or custom of the Village imposing requirements
separate, distinct, and different from those legislatively enacted, provided, and
expressed in the Ordinance before business licenses, permits, and certificates of
occupancy would issue to Thorncreek I.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred (100.)
of Plaintiff's Complaint at Law.


101.     Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Board and/or other
Village executives, employees, or agents created an unconstitutional policy and/or
custom of the Village to discourage African-American and Hispanic residents from
the Lofts at Thorncreek and/or the Village at large.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred One
(101.) of Plaintiff's Complaint at Law.


102.     The Village, through its executive officers and/or Board of Trustees, had knowledge
and/or acquiesced in the policy and/or custom of discouraging African-American and
Hispanic residents from the Lofts at Thorncreek and/or the Village at large.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Two

(102.) of Plaintiff's Complaint at Law.


103.     Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Board and/or other

Village executives, employees, or agents collectively conspired to impose legislative

requirements separate, distinct, and different from those provided by the Ordinance

before business licenses, permits, and certificates of occupancy will issue to

Thorncreek I.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Three

(103.) of Plaintiff's Complaint at Law.


104.     Imposing requirements separate, distinct, and different from those legislatively and

expressly provided by the Ordinance before business licenses, permits, and

certificates of occupancy would issue to Thorncreek I and Thorncreek Management,

but not applying the same requirements imposed on Thorncreek I and Thorncreek

Management against other similarly situated property owners/renters, is not a

permissible or legitimate government objective.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Four

(104.) of Plaintiff's Complaint at Law.


105.     Discouraging African-American and Hispanic residents from the Lofts at Thorncreek

and/or the Village at large and/or improving the "black/white" ratio is not a

permissible or legitimate government objective.  It is illegal.

40

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Five (105.) of Plaintiff's Complaint at Law.  As to the remaining Allegations of this Paragraph, those call for a legal conclusion.


106.    On information and belief, other similarly situated property owners in the Village, as a precondition to attaining Village business licenses, permits, and certificates of occupancy, were not required to meet legislative criteria other than that which is provided in the Ordinance.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Six (106.) of Plaintiff's Complaint at Law.


107.    The Village, through Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Board and/or other Village executives, employees, or agents, treated Thorncreek I and Thorncreek Management different from other property owners/renters, disparate treatment which is irrational, arbitrary, and vindictive.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Seven (107.) of Plaintiff's Complaint at Law.


108.    The Village did not apply the Ordinance in an equal manner to all residents of the Village.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Eight (108.) of Plaintiff's Complaint at Law.

109.    The Village's agents, including, but not limited to, Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Board and/or other Village executives, employees, or agents knew or should have reasonably known that denying and/or conspiring to deny Thorncreek I and Thorncreek Management business licenses, permits, and certificates of occupancy under the facts and circumstances described herein violated Thorncreek I and Thorncreek Management's equal protection rights and other established statutory and constitutional law.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Nine (109.) of Plaintiff's Complaint at Law.

110.    A reasonable state actor, agent, or official would have known that denying Thorncreek I and Thorncreek Management business licenses, permits, and certificates of occupancy under the facts and circumstances described herein violated Thorncreek I and Thorncreek Management's equal protection rights and other established statutory and constitutional law.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Ten (110.) of Plaintiff's Complaint at Law.

111.    The above actions have proximately caused Thorncreek I and Thorncreek Management substantial damages including those set forth in Paragraph 95 herein.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Eleven (111.) of Plaintiff's Complaint at Law.

42

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count I of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny Plaintiffs are entitled to any relief.


**COUNT II --- DENIAL OF THORNCREEK I AND THORNCREEK MANAGEMENT'S
RIGHTS TO PROCEDURAL AND SUBSTANTIVE
DUE PROCESS IN VIOLATION OF THE FOURTEENTH
AMENDMENT OF THE UNITED STATES CONSTITUTION:**

**42 U.S.C. § 1983**

112.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its entirety.

**ANSWER**:    Defendants incorporate their responses to Paragraphs One through Ninety Five (1.-95.) as their Answer to Paragraph One Hundred Twelve (112.) of Count II of Plaintiff's Complaint at Law and incorporates the earlier responses by reference as more fully set forth herein.


113.    At all times relevant hereto, the conduct of the Village and the Defendants were subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Thirteen (113.) of Plaintiff's Complaint at Law.

114.    The Village's agents and the Defendants are employees and/or executives of the Village and at all relevant times hereto were acting under color of state law and within the scope of each of their respective vested, actual, and/or apparent authority.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Fourteen (114.) of Plaintiff's Complaint at Law.  The Defendants admit that employees of the Village were acting within the scope of their authority.

115.    Operating a business, business licenses, permits, and certificates of occupancy are rights in which Thorncreek I and Thorncreek Management had property interests because Thorncreek I and Thorncreek Management, at all times relative hereto, complied with the Village Ordinance.

**ANSWER**:    The Defendants deny there is a property interest, but have knowledge insufficient to form a belief as to the truth or falsity of the remaining Allegations contained in Paragraph One Hundred Fifteen (115.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.  The terminology "property interest" calls for a legal conclusion.

116.    The right to be free from targeted discrimination and selective enforcement from public bodies is a liberty interest secured by the U.S. Constitution.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph One Hundred Sixteen (116.) of Plaintiff's Complaint at Law.  Defendants further admit that, without specific Section of Code cited, this Paragraph calls for a legal conclusion.

117.    Under Village law, an applicant is entitled to business licenses, permits, and certificates of occupancy if he/she/it satisfies the requirements set forth in the Ordinance.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph One Hundred Seventeen (117.) of Plaintiff's Complaint at Law as generally being correct.

118.    The issuance of business licenses, permits, and certificates of occupancy is non-discretionary if the criteria in the Ordinance is satisfied.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph One Hundred Eighteen (118.) of Plaintiff's Complaint at Law as generally being correct.

119.    Mick and McGann and/or predecessor Village Clerks failed to issue Thorncreek I and Thorncreek Management business licenses, despite the fact that Thorncreek I and Thorncreek Management complied with the criteria set forth the Ordinance.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Nineteen (119.) of Plaintiff's Complaint at Law.

120.    Kerestes failed to issue Thorncreek I and Thorncreek Management certificates of occupancy, despite the fact that Thorncreek I and Thorncreek Management complied with the criteria set forth the Ordinance.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Twenty (120.) of Plaintiff's Complaint at Law.

121.    The Village Board of Trustees and/or Ostenburg and/or Mick failed to approve Thorncreek I and Thorncreek Management's applications for permits, despite the fact that Thorncreek I and Thorncreek Management complied with the criteria set forth the Ordinance.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Twenty One (121.) of Plaintiff's Complaint at Law.

122.    The Village, the Board of Trustees, Ostenburg, Kerestes, Mick, and/or Village executives, employees, and/or agents, deprived Thorncreek I and Thorncreek Management of property rights in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Twenty Two (122.) of Plaintiff's Complaint at Law.

123.    The Village, the Board of Trustees, and Ostenburg deprived Thorncreek I and Thorncreek Management of liberty interests by selectively enforcing ordinances against Thorncreek I and Thorncreek Management.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Twenty Three (123.) of Plaintiff's Complaint at Law.

124.    The Village, through its agents, deprived Thorncreek I and Thorncreek Management of liberty interests by selectively targeting Thorncreek I and Thorncreek Management for tickets and other unlawful harassment.

46

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Twenty Four (124.) of Plaintiff's Complaint at Law.

125.    The Village's denial to Thorncreek I and Thorncreek Management, through the Board of Trustees, Ostenburg, Kerestes, Mick, and/or Village executives, employees, and/or agents, of business licenses, permits, and certificates of occupancy amounts to deprivation of a property rights without procedural due process in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Twenty Five (125.) of Plaintiff's Complaint at Law.

126.    The Village's denial to Thorncreek I and Thorncreek Management, through the Board of Trustees, Ostenburg, Kerestes, Mick, and/or Village executives, employees, and/or agents, of the right to be free from targeted and selected discrimination without procedural due process amounts to a violation of the Due Process Clause of Fourteenth Amendment of the U.S. Constitution.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Twenty Six (126.) of Plaintiff's Complaint at Law as to the violation of any Amendment.

127.    There are no adequate post-deprivation remedies available to Thorncreek I and Thorncreek Management for the Village's failure to issue business licenses, permits, and certificates of occupancy to Thorncreek I and Thorncreek Management.

47

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred
Twenty Seven (127.) of Plaintiff's Complaint at Law.


128.     There are no adequate post-deprivation remedies available to Thorncreek I and
Thorncreek Management for the Village's targeted and selected discrimination.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred
Twenty Eight (128.) of Plaintiff's Complaint at Law.


129.     The Village's denial to Thorncreek I and Thorncreek Management, through the Board
of Trustees, Ostenburg, Kerestes, Mick, and/or Village executives, employees, and/or
agents, of business licenses, permits, and certificates of occupancy is arbitrary,
irrational, and unreasonable bearing no substantial relationship to the public health,
safety, or welfare and is therefore in violation of the substantive component of the
Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred
Twenty Nine (129.) of Plaintiff's Complaint at Law.


130.     The Village's targeted and selected discrimination is arbitrary, irrational, and
unreasonable bearing no substantial relationship to the public health, safety, or
welfare and is therefore in violation of the substantive component of the Due Process
Clause of the Fourteenth Amendment of the U.S. Constitution.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Thirty
(130.) of Plaintiff's Complaint at Law.

131.     Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Board and/or other
         Village executives, employees, or agents created an unconstitutional policy and/or
         custom of the Village to deny Thorncreek I and Thorncreek Management of the
         aforementioned property rights, by imposing requirements which are separate,
         distinct, and different from those provided by the Ordinance.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Thirty
                One (131.) of Plaintiff's Complaint at Law.


132.     Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Board and/or other
         Village executives, employees, or agents created an unconstitutional policy and/or
         custom of the Village to deny Thorncreek I of the aforementioned liberty rights, by
         targeting Thorncreek I and Thorncreek Management for selective discrimination.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Thirty
                Two (132.) of Plaintiff's Complaint at Law.


133.     The Village, through the Board of Trustees, Ostenburg, Kerestes, Mick, and/or
         Village executives, employees, and/or agents, had knowledge and/or acquiesced in
         the policy and/or custom of denying Thorncreek I and Thorncreek Management the
         aforementioned property rights and liberty rights, by imposing requirements which
         are separate, distinct, and different from those legislatively enacted, provided, and
         expressed by the Ordinance, and by targeting Thorncreek I and Thorncreek
         Management for selective discrimination.

49

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Thirty

Three (133.) of Plaintiff's Complaint at Law.

134.     The Village, through the Board of Trustees, Ostenburg, Kerestes, Mick, and/or

Village executives, employees, and/or agents, knew or should have reasonably known

that denying Thorncreek I and Thorncreek Management business licenses, permits,

and certificates of occupancy under the facts and circumstances described herein

violated Thorncreek I and Thorncreek Management's due process rights and other

established statutory and constitutional law.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Thirty

Four (134.) of Plaintiff's Complaint at Law.

135.     The Village, through the Board of Trustees, Ostenburg, Kerestes, Mick, and/or

Village executives, employees, and/or agents, knew or should have reasonably known

that targeting Thorncreek I and Thorncreek Management for selective discrimination

under the facts and circumstances described herein violated Thorncreek I and

Thorncreek Management's due process rights and other established statutory and

constitutional law.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Thirty

Five (135.) of Plaintiff's Complaint at Law.

136.     A reasonable state actor, agent, or official would have known that denying

Thorncreek I and Thorncreek Management property and liberty rights under the facts

50

and circumstances described herein violated Thorncreek I and Thorncreek

Management's due process rights and other established statutory and constitutional

law.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Thirty

Six (136.) of Plaintiff's Complaint at Law.


137.    The above actions have proximately caused Thorncreek I and Thorncreek

Management substantial damages including those set forth in Paragraph 95 herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Seven

Thirty (137.) of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal

corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI,

KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE

KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count II of Plaintiff's

lawsuit be dismissed, with costs assessed against the Plaintiff.    The Defendants deny the

Plaintiffs are entitled to any relief.


**COUNT III --- TAKING OF THORNCREEK I AND THORNCREEK MANAGEMENT'S**
**PROPERTY AND INVERSE CONDEMNATION IN VIOLATION OF THE FIFTH AND**
**FOURTEENTH AMENDMENTS**
**OF THE UNITED STATES CONSTITUTION:**

**42 U.S.C. § 1983**

**AND TAKING IN VIOLATION OF THE ILLINOIS CONSTITUTION**

51

138.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its

entirety.

**ANSWER**:    Defendants incorporate their responses to Paragraphs One through Ninety Five

(1.-95.) as their Answer to Paragraph One Hundred Thirty Eight (138.) of Count

III of Plaintiff's Complaint at Law and incorporates the earlier responses by

reference as more fully set forth herein.


139.    At all times relevant hereto, the conduct of the Village and the Defendants were

subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Thirty

Nine (139.) of Plaintiff's Complaint at Law.


140.    The Village's agents and the Defendants are employees and/or executives of the

Village and at all relevant times hereto were acting under color of state law and

within the scope of each of their respective vested, actual, and/or apparent authority.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty

(140.) of Plaintiff's Complaint at Law.  The Defendants admit that the actions of

their employees were done in the scope of their authority.


141.    The Village's denial, through the Board of Trustees, Ostenburg, Kerestes, Mick,

and/or Village executives, employees, and/or agents, of business licenses, permits,

certificates of occupancy, making demands (upgrades, changing the racial make-up,

etc.) not found in the Ordinance (and some which violate local, state, and federal law)

52

resulted in a taking of Area F, because the denial meant that, under the Ordinance, Thorncreek I and Thorncreek Management could not legally operate in the Village, could not rent housing, could not market the property, and could not comply with local, state, and federal discrimination laws, thereby denying Thorncreek I of all beneficial and productive use of Area F.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty One (141.) of Plaintiff's Complaint at Law.

142.    The Village, through the Board of Trustees, Ostenburg, Kerestes, Mick, and/or Village executives, employees, and/or agents, created an unconstitutional policy and/or custom of the Village to take Area F without just compensation.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty Two (142.) of Plaintiff's Complaint at Law.

143.    The Village, through the Board of Trustees, Ostenburg, Kerestes, Mick, and/or Village executives, employees, and/or agents, had knowledge and/or acquiesced in the policy and/or custom of the Village of taking Area F without just compensation.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty Three (143.) of Plaintiff's Complaint at Law.

144.    The Village's actions and regulations, through its agents, of Area F were so onerous that the effect was tantamount to a direct appropriation or ouster.

53

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty Four (144.) of Plaintiff's Complaint at Law.

145.    The Village's actions described herein did not substantially advance legitimate state interests and otherwise denied Thorncreek I and Thorncreek Management of economically viable use of Area F.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty Five (145.) of Plaintiff's Complaint at Law.

146.    The acts described above amounted to a regulatory taking of the Area F property by the Village.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty Six (146.) of Plaintiff's Complaint at Law.

147.    The acts described above required inverse condemnation of Area F, requiring the Village to buy Area F and justly compensate Thorncreek I and Thorncreek Management for the same.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Forty Seven (147.) of Plaintiff's Complaint at Law.

148.    The above actions have otherwise proximately caused Thorncreek I and Thorncreek Management substantial damages including those set forth in Paragraph 95 herein.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Forty

Eight (148.) of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count III of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny the Plaintiffs are entitled to any relief.


### COUNT IV --- CONSPIRACY TO DEPRIVE THORNCREEK III AND THORNCREEK MANAGEMENT'S RIGHTS TO EQUAL PROTECTION OF THE LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION:

### 42 U.S.C. § 1985

149.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its

entirety.

**ANSWER**:     Defendants incorporate their responses to Paragraphs One through Ninety Five

(1.-95.) as their Answer to Paragraph One Hundred Fifty (160.) of Count IV of

Plaintiff's Complaint at Law and incorporates the earlier responses by reference

as more fully set forth herein.


150.    At all times relevant hereto, the conduct of the Village and the Defendants were

subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Fifty (150.) of Plaintiff's Complaint at Law.

151.    The Village's agents and the Defendants are employees and/or executives of the Village and at all relevant times hereto were acting under color of state law and within the scope of each of their respective vested, actual, and/or apparent authority.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Fifty One (151.) of Plaintiff's Complaint at Law, but further state that any actions of the Village employees were within the scope of their employment.

152.    The Village and/or Ostenburg and/or Kerestes and/or Mick and/or Trustees of the Village Board and/or other Village executives, employees, or agents collectively conspired for the purpose of depriving, either directly or indirectly, Plaintiffs and/or their tenants at the Lofts at Thorncreek and/or potential tenants of the Lofts at Thorncreek of the equal protection of the laws and/or equal privileges and immunities under the laws.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Fifty Two (152.) of Plaintiff's Complaint at Law.

153.    The Village and each of the Defendants, and/or by and through their agents, committed acts in furtherance of the conspiracy by denying Thorncreek I and Thorncreek Management business licenses, denying permits, denying certificates of occupancy, requiring Thorncreek I and Thorncreek Management to comply with a

unique set of rules not found in the Ordinance and that no other owner/manager of a multi-unit dwelling had to comply, and by making and publishing slanderous and libelous statements about Thorncreek I and Thorncreek Management, the Lofts at Thorncreek, and its management.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Fifty Three (153.) of Plaintiff's Complaint at Law.

154.     Thorncreek I and Thorncreek Management and/or their tenants at the Lofts at Thorncreek and/or potential tenants of the Lofts at Thorncreek have been injured and deprived of rights and privileges secured by the law because of the Village's systemic conspiracy and efforts to drive out lower income and minority residents from Area F and the Village at large.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Fifty Four (154.) of Plaintiff's Complaint at Law.

155.     The Village and each of the Defendants, by and through their agents, committed these acts for the purpose of engaging in invidious racial discrimination with the intent of discouraging African-American and Hispanic residents from enjoying tenancy at the Lofts at Thorncreek and/or enjoying tenancy in the Village at large; and depriving Thorncreek I and Thorncreek Management business licenses, permits, and certificates of occupancy, in furtherance of that goal.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Fifty Five (155.) of Plaintiff's Complaint at Law.

57

156.    The above actions have proximately caused Thorncreek I and Thorncreek Management substantial damages including those set forth in Paragraph 95 herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Fifty Six (156.) of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count IV of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny the Plaintiffs are entitled to any relief.


## COUNT V --- WRONGFUL FAILURE TO PREVENT A 42 U.S.C. § 1985 VIOLATION:

### 42 U.S.C. § 1986

157.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its entirety.

**ANSWER**:    Defendants incorporate their responses to Paragraphs One through Ninety Five (1.-95.) as their Answer to Paragraph One Hundred Fifty Seven (157.) of Count V of Plaintiff's Complaint at Law and incorporates the earlier responses by reference as more fully set forth herein.

158.    At all times relevant hereto, the conduct of the Village and the Defendants were subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Fifty Eight (158.) of Plaintiff's Complaint at Law.

159.    The Village's agents and the Defendants are employees and/or executives of the Village and at all relevant times hereto were acting under color of state law and within the scope of each of their respective vested, actual, and/or apparent authority.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Fifty Nine (159.) of Plaintiff's Complaint at Law.  Defendants further add that any actions of the Defendants employees were within the scope of their employment.

160.    The Village, through its agents, and some or all of the Defendants, had actual knowledge that the conspiracy wrongs described herein were being committed or about to be committed.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Sixty (160.) of Plaintiff's Complaint at Law.

161.    The Village, through its agents, and some or all of the Defendants, had the power (statutory, enforcement, through employment, oversight, or otherwise) to prevent and/or aid in preventing the commission of the conspiracy described herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Sixty One (161.) of Plaintiff's Complaint at Law.

162.    The Village, through its agents, and some or all of the Defendants, refused to prevent and/or aid in the prevention of the conspiracy described herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Sixty Three (163.) of Plaintiff's Complaint at Law.


163.    The wrongful acts in furtherance of the conspiracy described herein could have been prevented by reasonable diligence of the Village, through its agents, and some or all of the Defendants.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Sixty Three (163.) of Plaintiff's Complaint at Law.


164.    The above actions have proximately caused Thorncreek I and Thorncreek Management substantial damages including those set forth in Paragraph 95 herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Sixty Four (164.) of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count V of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny the Plaintiffs are entitled to any relief.

## COUNT VI --- DENIAL OF EQUAL PROTECTION
## IN VIOLATION OF THE ILLINOIS CONSTITUTION

165.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its

entirety.

**ANSWER**:    Defendants incorporate their responses to Paragraphs One through Ninety Five

(1.-95.) as their Answer to Paragraph One Hundred Sixty Five  (165.) of Count VI

of Plaintiff's Complaint at Law and incorporates the earlier responses by

reference as more fully set forth herein.


166.    The actions of the Village and its agents and the actions of the Defendants described

violated Thorncreek I and Thorncreek Management's Equal Protection rights under

the Illinois Constitution.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Sixty

Six (166.) of Plaintiff's Complaint at Law.


167.    The Village is bound by the acts of its executives, employees, agents, and

representatives.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph One Hundred Sixty

Seven (167.) of Plaintiff's Complaint at Law.  The wording does call for a legal

conclusion.

168.    The above actions, re-stated and incorporated herein, have proximately caused Thorncreek I and Thorncreek Management substantial damages including those set forth in Paragraph 95 herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Sixty Eight (168.) of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count VI of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny the Plaintiffs are entitled to any relief.


## COUNT VII --- DENIAL OF DUE PROCESS IN VIOLATION OF THE ILLINOIS CONSTITUTION

169.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its entirety.

**ANSWER**:    Defendants incorporate their responses to Paragraphs One through Ninety Five (1.-95.) as their Answer to Paragraph One Hundred Sixty Nine (169.) of Count VII of Plaintiff's Complaint at Law and incorporates the earlier responses by reference as more fully set forth herein.

170.    The actions of the Village and its agents and the actions of the Defendants described herein violated Thorncreek I and Thorncreek Management's due process rights under the Illinois Constitution.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Seventy (170.) of Plaintiff's Complaint at Law.


171.    The Village is bound by the acts of its executives, employees, agents, and representatives.

**ANSWER**:    The Defendants admit this is generally true as long as the employees are acting within the scope of their authority.    This Paragraph does call for a legal conclusion.


172.    The above actions, re-stated and incorporated herein, have proximately caused Thorncreek I and Thorncreek Management substantial damages including those set forth in Paragraph 95 herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Seventy Two (172.) of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count VIII of

Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny the Plaintiffs are entitled to any relief.

## COUNT VIII --- VIOLATION OF THE ILLINOIS CIVIL RIGHTS ACT

173.   Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its entirety.

**ANSWER**:   Defendants incorporate their responses to Paragraphs One through Ninety Five (1.-95.) as their Answer to Paragraph One Hundred Seventy Three (173.) of Count VIII of Plaintiff's Complaint at Law and incorporates the earlier responses by reference as more fully set forth herein.

174.   The actions of the Village and its agents and the actions of the Defendants described herein violated the Illinois Civil Rights Act.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph One Hundred Seventy Four (174.) of Plaintiff's Complaint at Law.

175.   The Village utilized criteria or methods of administration that had the effect of subjecting Area F tenants and prospective tenants to discrimination because of their race, color, or national origin.  The same has proximately caused harm to Thorncreek I and Thorncreek Management.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph One Hundred Seventy Five (175.) of Plaintiff's Complaint at Law.

176.    The Village is bound by the acts of its executives, employees, agents and

representatives.

**ANSWER**:    The Defendants admit this is generally true as long as the employee is acting

within the scope of their authority.

177.    The above actions, re-stated and incorporated herein, have proximately caused

Thorncreek I and Thorncreek Management substantial damages including those set

forth in Paragraph 95 herein.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred

Seventy Seven (177.) of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal

corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI,

KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE

KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count VIII of

Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny

the Plaintiffs are entitled to any relief.

## COUNT IX --- LAND USE

178.    Plaintiffs incorporate Paragraphs 1-95 as if each such Paragraph were re-stated in its

entirety.

**ANSWER**:    Defendants incorporate their responses to Paragraphs One through Ninety Five

(1.-95.) as their Answer to Paragraph One Hundred Seventy Eight (178.) of Count

65

IX of Plaintiff's Complaint at Law and incorporates the earlier responses by reference as more fully set forth herein.

179.    The actions of the Village and its agents and the actions of the Defendants described herein, including, but not limited to, the denial of business licenses, permits, certificates of occupancy, making demands (upgrades, changing the racial make-up, etc.) not found in the Ordinance (and some which violate local, state, and federal law) are impermissible land-use restrictions.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Seventy Nine (179.) of Plaintiff's Complaint at Law.

180.    These actions and restrictions mean that, under the Ordinance, Thorncreek I and Thorncreek Management could not legally operate in the Village, could not rent housing, could not market the property, could not compete, and could not comply with local, state, and federal discrimination laws, thereby denying Thorncreek I and Thorncreek Management of all economically beneficial and productive use of Area F.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Eighty (180.) of Plaintiff's Complaint at Law.

181.    The Village's actions and regulations, through its agents, of Area F were so onerous that the effect is tantamount to a direct appropriation or ouster.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph One Hundred Eighty One (181.) of Plaintiff's Complaint at Law.

182.     The Village's actions and regulations described herein did not substantially advance legitimate state or municipal interests and otherwise denied Thorncreek I and Thorncreek Management of economically viable use of Area F.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Eighty Two (182.) of Plaintiff's Complaint at Law.

183.     The acts and regulations described above amounted to a regulatory taking of the Area F property by the Village.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Eighty Three (183.) of Plaintiff's Complaint at Law.

184.     The actions of the Village and its agents and the actions of the Defendants described herein amounted to impermissible land use restrictions under Illinois law.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Eighty Four (184.) of Plaintiff's Complaint at Law.

185.     Reasonable state remedies for redress were not available in the Village because the Village, in most instances, would not hear Thorncreek I and Thorncreek Management's requests for business licenses, permits, and certificates of occupancy; and because any such remedies that were provided otherwise violate substantive and procedural due process as set forth herein.

67

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Eighty

Four (184.) of Plaintiff's Complaint at Law.


186.     The above actions, re-stated and incorporated herein, have proximately caused

Thorncreek I and Thorncreek Management substantial damages including those set

forth in Paragraph 95 herein.

**ANSWER**:     The Defendants deny the Allegations contained in Paragraph One Hundred Eighty

Six (186.) of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal

corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI,

KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE

KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, pray that Count IX of Plaintiff's

lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants deny the Plaintiffs

are entitled to any relief.


Respectfully Submitted,


*/s/ Russell W. Hartigan*_____
Russell W. Hartigan, One of the Attorneys
for the Defendants

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & O'CONNOR P.C.
20 North Clark Street, Suite 1250
Chicago, Illinois 60602
(312)201-8880

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF COOK             )

## STATEMENT OF LACK OF KNOWLEDGE

I, Russell W. Hartigan, on Oath solemnly depose and state that I am empowered to represent the interests of the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, and with reference to Paragraphs One (1.), Two (2.), Fourteen (14.), Fifteen (15.), part of Sixteen (16.), Paragraphs Eighteen (18.), Nineteen (19.), Thirty Three (33.), Thirty Four (34.), Thirty Seven (37.), Sixty Nine (69.), Seventy Five (75.), Eighty (80.), part of Eighty Three (83.), Paragraphs Ninety Three (93.) and Ninety Four (94.) and part of One Hundred Fifteen (115.) of Plaintiff's Complaint-At-Law hereby state that I have insufficient knowledge to form an opinion as to the truth or falsity of the allegations contained therein.


/s/ Russell W. Hartigan_____
Russell W. Hartigan

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2008.

_____
Notary Public

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & O'CONNOR P.C.
20 North Clark Street, Suite 1250
Chicago, Illinois 60602
(312)201-8880

69

## **AFFIRMATIVE DEFENSES**

As and for their Affirmative Defenses to the Plaintiff's Complaint, and without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, hereby state as follows:

1.    The Defendants named in their individual capacities are absolutely immune as they were objectively and reasonably relying upon existing law.

2.    The Plaintiffs cannot recover against a municipality under the theory of respondeat superior.

3.    The individual Defendants are entitled to qualified immunity.

4.    Plaintiffs' federal claims are barred by the two-year Statute of Limitations brought under 42 U.S.C. 1983.

5.    Plaintiffs' claims brought pursuant to the laws of the State of Illinois are barred by the one-year Statute of Limitations pursuant to 8-101 of the Tort Immunity Act.

6.    The Plaintiffs' claims are barred by the doctrines of collateral estoppel/res judicata.

7.    The Plaintiffs fail to state a claim upon which relief can be granted.

8.    Plaintiffs' state law claims are barred by Section 2-104 of the Illinois Tort Immunity Act.

9.    Plaintiffs failed to mitigate damages, and any award must be reduced commensurate with the degree of failure attributed to Plaintiffs.

10.    The Plaintiffs lack standing to bring the claims in the Complaint.

11.    The Plaintiffs have failed to exhaust administrative remedies in accordance with state law.

12.    The claim is not ripe for adjudication.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, an Illinois Municipal corporation; TOM MICK, MAE BRANDON, BONITA DILLARD, GARY KOPYCINSKI, KENNETH W. KRAMER, ROBERT McCRAY, GEORGIA O'NEILL, LAWRENCE KERESTES, JOHN A OSTENBURG, and SHEILA McGANN, respectfully request this Honorable Court dismiss the Plaintiffs' claim with prejudice with costs assessed against the Plaintiffs.

Respectfully Submitted,

*/s/Russell W. Hartigan*_____

Russell W. Hartigan, One of the Attorneys for the Defendants

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880